GILLEN AND BONEY, A CORPORATION, AND FRANK R. GILLEN, RUSSELL STOVER AND LEM T. JONES, LIQUIDATING TRUSTEES OF SAID GILLEN AND BONEY, A CORPORATION, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30908. Filed October 31, 1956.

*Whitson Rogers, Esq.*, and *Roger V. Dickeson, Esq.*, for the petitioners.

*David Karsted, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* Petitioner claims a refund of excess profits tax paid for the year 1943 in the amount of $24,123.12.

Petitioner's average base period net income was a loss of $11,869.15, and for the taxable year 1943 it used the excess profits tax credit based on invested capital which amounted to $15,373.90. Petitioner is claiming relief under section 722 (b) (1) and (b) (2) of the Internal Revenue Code of 1939 on the ground that its business was depressed during the base period years by the drought which prevailed over its trade area.

It has been stipulated that the evidence presented in the cases of *S. N. Wolbach Sons, Inc.*, 22 T. C. 152, *Sartor Jewelry Co.*, 22 T. C. 773, and *Schwarz Paper Co.*, 23 T. C. 605, could be considered as evidence in the present proceeding. On the basis of the findings of fact in those cases, which are incorporated herein, the respondent concedes that during the base period years a serious drought occurred in the State of Nebraska. We have found that because of the drought and its effect on farm income and business generally in the State of Nebraska, petitioner's earnings were depressed during the base period years so that its average base period net income was an inadequate standard of normal earnings.

The drought is a qualifying factor under section 722 (b) (2); *S. N. Wolbach Sons, Inc.*, *supra; Sartor Jewelry Co.*, *supra.* For the year 1943 petitioner is entitled to an excess profits tax credit based on income if that should result in a lesser tax.

To be entitled to relief petitioner must show to what extent its earnings were depressed by reason of the drought and provide some reasonably accurate means of reconstructing its base period earnings. Petitioner must further show that it is entitled to a constructive average base period net income which will result in a larger excess profits tax credit, based on income, than that allowed by the respondent under the invested capital method. *Farmers Creamery Co. of Fredericksburg, Va.*, 18 T. C. 241; *Godfrey Food Co.*, 18 T. C. 1083.

For 1943 petitioner's excess profits tax credit based on invested

capital is in the amount of $15,373.90. On brief, petitioner contends for a reconstructed average base period net income of at least $27,200.

The respondent argues that if petitioner's base period net income is reconstructed to remove the effects of the drought, the resulting credit will not exceed the credit based on invested capital.

After considering the evidence and the methods of reconstruction proposed by petitioner, and weighing the evidence as to factors having a bearing on the earnings of petitioner, other than those resulting from the effects of the drought, we are convinced that no reasonable reconstruction compatible with petitioner's experience will yield an excess profits credit based on income greater than its excess profits tax credit based on invested capital.

It will be noted that petitioner suffered a considerable net loss in each year during the period 1931 to 1941, inclusive, ranging from a high of $25,000 to a low of approximately $8,300. Its total sales declined progressively from 1928 to 1934. Petitioner's operating expenses during the base period years were, percentagewise, considerably in excess of the operating expenses in the years in which it had net income.

The period of the drought commenced in 1934 and continued through the base period years.

We are persuaded that petitioner has overestimated the effect of the drought on its base period sales. An adjustment of petitioner's gross sales to the highest point justified by the evidence and an application of a reasonable ratio of net profits to sales based on actual experience would not result in a reconstructed average base period net income yielding an excess profits credit more than the $15,373.90 credit allowed petitioner under the invested capital method.

We conclude, therefore, that there was no error in respondent's disallowance of petitioner's claim for relief under section 722. Cf. *Sartor Jewelry Co.*, *supra*, and *Schwarz Paper Co.*, *supra*.

Reviewed by the Special Division.

*Decision will be entered for the respondent.*